UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BENJAMIN PUENTES,

    Plaintiff,

    v.

COUNTY OF SANTA CLARA, et al.,

    Defendants.

_____/

No. C 11-1228 PJH

**ORDER GRANTING MOTION TO DISMISS**

Defendants' motion to dismiss plaintiff's first amended complaint came on for hearing on January 11, 2011 before this court. Plaintiff Benjamin Puentes ("plaintiff") appeared pro se. Defendants County of Santa Clara (the "County"), Michael Powers ("Powers"), Jim Tashis ("Tashis"), and Dana Overstreet ("Overstreet")(collectively "defendants"), appeared through their counsel, David Rollo. Having read all the papers submitted and carefully considered the relevant legal authority, the court hereby GRANTS defendants' motion, for the reasons stated at the hearing, and summarized as follows:

    1.    Preliminarily, to the extent that plaintiff's amended complaint re-alleges state law claims for wrongful termination, vindictive prosecution, and conspiracy, these claims are DISMISSED, for the same reason they were previously dismissed with prejudice. To the extent plaintiff argues that these claims are now being asserted as federal claims pursuant to 42 U.S.C. § 1983, the following analysis applies.

    2.    Plaintiff's section 1983 claim premised on an unlawful search and seizure (count 1) pursuant to the Fourth Amendment, is time-barred. Plaintiff alleges three purportedly unlawful searches took place, the first occurring between April 10 and May 14,

2003, the second occurring on May 21, 2003 and the third occurring on June 3, 2003. All three searches occurred outside the two year statute of limitations applicable to section 1983 claims. See, e.g., Wilson v. Garcia, 471 U.S. 261 (1985)(forum state's statute of limitations for personal injury torts sets forth appropriate period for determining statute of limitations under section 1983), superseded by statute on other grounds, as stated in Jones v. R.R. Donnelley & Sons Co., 541 U.S. 369 (2004); see also Cal. Civ. Proc Code § 335.1 (establishing two year limitation for the filing of civil claims alleging personal injury).

Pursuant to the court's instruction in its prior dismissal order, plaintiff has now attempted to allege equitable tolling. Plaintiff specifically alleges that defendant Powers knowingly and intentionally falsified the underlying search warrants that he presumably relied upon to execute the allegedly unlawful searches in May and June 2003, and that Powers' fraudulent conduct was concealed until April 9, 2009, when Powers admitted the conduct in open court. See FAC, ¶¶ 52-55. However, at the hearing on the motion, plaintiff clarified that the factual basis for his claim that defendant Powers falsified the search warrants underlying the May and June 2003 searches is that Powers originally told plaintiff at the time of the search that he had used plaintiff's license plates in order to secure direction and access to plaintiff's home – which license plates plaintiff asserts were confidential and would not have been disclosed to Powers. If credited, however, this argument demonstrates that plaintiff – who admittedly knew the confidential nature of his own license plates – would have known Powers' reasons for gaining access to his home were untrue at the time Powers made such representations in order to obtain the warrant. As a result, the court concludes that the allegations of plaintiff's complaint as a whole and the reasonable inferences drawn therefrom demonstrate that plaintiff knew of the searches of his home at the time such searches took place, and that plaintiff was aware – or should have been, in the exercise of due diligence – of the purportedly "unlawful" nature of the search warrants executed by Powers and the constitutional deprivations caused thereby, on or shortly after the date such warrants were executed, and certainly at some point well

prior to the March 14, 2009 date that sets the earliest limitations date for plaintiff's claims.

Accordingly, plaintiff's section 1983 claim based on illegal search and seizure under the Fourth Amendment is DISMISSED.  To the extent plaintiff has premised his illegal search and seizure claim on the Sixth, Fifth, and Fourteenth Amendments, those amendments do not support plaintiff's claim for unlawful search and seizure.  Because this claim is clearly time-barred and the facts as pled do not establish a basis for equitable tolling, the dismissal of count 1 is with prejudice.

3.      Similarly, plaintiffs' section 1983 claim premised on false arrest and imprisonment in violation of the Fourth, Eighth, and Fourteenth Amendments (count 3), must also be DISMISSED.  As a preliminary matter, plaintiff's claim is not cognizable as an Eighth Amendment violation, nor did plaintiff rely on the Eighth or Fourteenth Amendments at the hearing.  To the extent properly predicated upon the Fourth Amendment, however, plaintiff alleges five false arrests, occurring on July 10, 2003, June 17, 2005, July 18, 2007, April 22, 2009, and October 7, 2010.  The first three are time-barred, as they fall well outside the two year statute of limitations.  Nor has plaintiff alleged that tolling applies to his false arrest claim or provided facts to support tolling, despite having been specifically instructed in the court's prior order as to the need to properly allege tolling with respect to any alleged false arrest.

The remaining two alleged false arrests, while technically falling within the two year statute of limitations, have been insufficiently pled.  Plaintiff has failed to adequately allege any supporting facts with respect to the specific state actors or defendants involved, or the circumstances of such arrests, such that would satisfy plaintiff's burden to allege an unlawful arrest without probable cause.  See Dubner v. City and County of San Francisco, 266 F.3d 959, 965 (9th Cir. 2001)(a claim for unlawful arrest is cognizable under § 1983 as a violation of the Fourth Amendment, provided the arrest was without probable cause or other justification).  Dismissal is therefore warranted.  At the hearing on the motion, moreover, plaintiff clarified that his allegations of false arrest are premised on the acts of

3

1  the presiding judge in remanding plaintiff into custody, and those of his/her officer(s) in
2  executing the judge's instructions.  However, the presiding judge and any officer acting at
3  the judge's direction in remanding plaintiff into custody, are entitled to judicial immunity.
4  See Mireles v. Waco, 502 U.S. 9, 11-12 (1991)(judicial immunity from suit applies to
5  actions taken by judge in judicial capacity); Forrester v. White, 484 U.S. 219, 229 (1988)(it
6  is "the nature of the function performed, not the identity of the actor who performed it, that
7  inform[s] our immunity analysis").  Thus, since any amendment is likely to be futile, the
8  dismissal of count 3 is with prejudice.

9        4.      To the extent plaintiff alleges wrongful termination as a basis for an actionable
10 section 1983 claim (count 2) pursuant to the Fourth and Fourteenth Amendment, these
11 arguments also fail to state a viable claim for relief.  With respect to any claim under the
12 Fourth Amendment, such a claim must be dismissed with prejudice on the same grounds
13 as the foregoing claims asserted in count 1, since plaintiff appears to argue his reliance on
14 the same purportedly time-barred illegal searches and seizures that underlie count 1.  With
15 respect to plaintiff's argument that defendants wrongfully terminated plaintiff in violation of
16 the Fourteenth Amendment's guarantee of due process, see FAC, ¶¶ 62, 64, plaintiff has
17 failed to adequately allege the manner in which plaintiff's employment termination violated
18 his Fourteenth Amendment due process rights, or the specific wrongful conduct undertaken
19 by any state actor in connection with any such violation.

20       Moreover, even if plaintiff had adequately alleged a claim for a due process violation
21 relating to the termination of plaintiff's employment, such a claim would nonetheless be
22 time-barred, since plaintiff himself specifically concedes that his termination occurred on
23 October 24, 2003 – well outside the 2 year statute of limitations period.  FAC, ¶ 59.  And
24 while plaintiff does allege tolling pursuant to Cal. Gov't Code § 3304, this provision is
25 inapposite and inapplicable, as it is limited to the tolling of the statute of limitations for filing
26 disciplinary proceedings against public officers – not the filing of a section 1983 civil action.
27       Accordingly, the foregoing claim is DISMISSED.  Leave to amend is granted,
28

4

however, so that plaintiff may re-allege both an adequate due process violation under the Fourteenth Amendment in connection with his termination, and furthermore the underlying facts that establish the applicability of any equitable or administrative tolling in connection with plaintiff's claim.  If plaintiff contends that any failure by his employer to toll his claim is itself a due process violation, plaintiff shall furthermore set forth factual allegations in support thereof.

5. Finally, to the extent plaintiff's claim pursuant to 42 U.S.C. § 1983 is predicated upon a claim of vindictive prosecution (count 4) and a conspiracy to violate plaintiff's civil rights (count 5) in violation plaintiff's of Fifth and Fourteenth Amendment rights – by virtue of defendants' Overstreet and the County's role in connection with the re-filing of a criminal complaint against plaintiff and a subsequent information and trial, see FAC, ¶¶ 81-82 – the court construes plaintiff's claims to be limited to allegations that defendants have violated plaintiff's right to Fourteenth Amendment due process (plaintiff did not rely on a claim under the Fifth Amendment at the hearing, nor does the Fifth Amendment apply to plaintiff's allegations).  In this respect, however, plaintiff has failed to state a viable claim for relief.  Plaintiff's allegations are all fundamentally rooted in Overstreet's decision, as Deputy District Attorney, to criminally prosecute plaintiff, and to proceed with and participate in plaintiff's criminal prosecution.  As such, Overstreet is deemed a state officer rather than a county officer, and there may be no section 1983 liability against Overstreet in her official capacity.  See Weiner v. San Diego County, 210 F.3d 1025, 1031 (9th Cir. 2000) ("We conclude that a California district attorney is a state officer when deciding whether to prosecute an individual")(affirming dismissal of section 1983 claim as to County); Flint v. Dennison, 488 F.3d 816, 825 (9th Cir. 2007)("state officials sued in their official capacities, including university officials, are not "persons" within the meaning of § 1983 and are therefore generally entitled to Eleventh Amendment immunity).  Nor can a claim for vindictive prosecution lie against Overstreet in her individual capacity, because Overstreet is protected from section 1983 liability by the doctrine of

absolute immunity.  See Imbler v. Pachtman, 424 U.S. 409, 431 (1976)(absolute immunity protects prosecutors from § 1983 liability when they engage in prosecutorial acts, which are defined as those activities "intimately associated with the judicial phase of the criminal process.").  Thus, the claim against Overstreet is DISMISSED with prejudice.

As no state actor remains upon which to determine the presence of a constitutional violation for which the County may be made liable under section 1983, the County is also DISMISSED.

Furthermore, plaintiff argued at the hearing that his Fourteenth Amendment claim for vindictive prosecution (which applies in the criminal context) is akin to a claim of retaliation, and is based on defendants' re-filing of criminal charges against him following plaintiff's successful misdemeanor appeal.  The court is unpersuaded that a retaliation and/or vindictive prosecution claim pursuant to the Fourteenth Amendment due process guarantee is cognizable pursuant to section 1983.  At best, plaintiff's claim may be analogized instead to a malicious prosecution claim.  Such a claim, aside from not being alleged directly in the complaint, is not generally cognizable pursuant to section 1983, however, and plaintiff has not alleged or argued the elements sufficient to fall within an exception to the general rule.  See, e.g., Lacey v. Maricopa County, 649 F.3d 1118, 1133 (9th Cir. 2011)(to prevail on a malicious prosecution cause of action in a § 1983 suit, "plaintiffs 'must show that [Defendants] prosecuted [them] with malice and without probable cause, and that they did so for the purpose of denying [them] equal protection or another specific constitutional right'").

Accordingly, plaintiff's section 1983 claim premised on vindictive prosecution fails.  Plaintiff is granted leave to amend his complaint, however, in order to further allege any ground upon which defendants might be held liable under a malicious prosecution theory, and grounds upon which the County might be held independently liable.

Plaintiff's conspiracy claim – which is based on allegations that Overstreet participated in plaintiff's criminal re-prosecution and on Overstreet's "contact with county

counsel about the employment case" – is DISMISSED, for the same reasons already articulated in connection with plaintiff's wrongful termination and vindictive prosecution claims, to the extent they allege federal violations under section 1983. As the conspiracy claim depends from the underlying claims, however, the dismissal is with leave to amend, in the event plaintiff chooses to re-allege the underlying claims.

Plaintiff's amended complaint shall be filed no later than February 23, 2012. Defendants' response thereto shall be filed no later than March 22, 2012. For any amended complaint to be successful, plaintiff must allege separate causes of action, must state a federal constitutional or statutory basis for each cause of action, and must allege facts showing each defendant's personal involvement in the wrongful act alleged in each cause of action, as well as plaintiff's harm or injury. No references to state causes of action are permitted, and no additional claims or defendants may be added. The only claims which may be amended are: wrongful termination based on a Fourteenth Amendment due process violation, and malicious prosecution based on a Fourteenth Amendment and equal protection violation, and conspiracy, which plaintiff shall clarify as being brought under 42 U.S.C. § 1983 or § 1985.

The court will not hold further hearings before the pleadings are settled; any motions directed to the pleadings will be submitted on the papers.

**IT IS SO ORDERED.**

Dated: January 26, 2012

_____
PHYLLIS J. HAMILTON
United States District Judge